■ In the Matter of METROPOLITAN OPERA ASSOCIATION, INC., Appellant, v AMERICAN GUILD OF MUSICAL ARTISTS, Respondent. [736 NYS2d 323] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered April 3, 2001, which denied petitioner opera company's application to stay arbitration demanded by respondent labor organization on behalf of a dancer formerly employed by petitioner, and dismissed the petition, unanimously affirmed, without costs.

The parties' collective bargaining agreement calls for arbitration of any dispute as to its interpretation, application or alleged violation or breach. Given a clause of this breadth, and the presence of language specifically prohibiting petitioner's discriminating against respondent's members on the basis of age, the dancer's non-reengagement allegedly because of his age presents an arbitrable controversy. Whether that controversy fits within the provisions of the collective bargaining agreement calling for review of a decision not to reengage by a panel of dance experts after an audition by the non-reengaged dancer, or within the parties' subsequent agreement calling for such a review and audition in accordance with altered procedures that made no reference to arbitration, are themselves arbitrable controversies (*see Matter of Board of Educ. [Watertown Educ. Assn.]*, 93 NY2d 132, 143). Respondent did not waive its right to seek arbitration by its limited participation in the audition review process since the separate claim of discrimination could not have been resolved by the dance experts.

We have considered petitioner's other claims and find them to be unavailing. Concur—Mazzarelli, J.P., Andrias, Ellerin, Buckley and Marlow, JJ.